The executor of an infant promised to pay the debt of the infant, in consideration that the other would surcease his suit until Michaelmas. (Nota that the debt of the infant was for appeal and stuff taken from a merchant.) And it was argued that it is not a good consideration, as every consideration ought to be an inconvenience to one of the parties or a benefit to the other, 17 E., 4, 5. Where there is no cause of action, the surceasing the suit is not a good consideration; and it was adjudged that the consideration is not good, because the contract of the infant was void.
And afterwards the court said: It is a good law that where an infant commits trespass and submits to an arbitration, he shall be bound when he comes of age; because he is chargeable for the trespass and shall pay damages, but not so in this case. 9 Rep., 94. It is alleged as a common rule that everything which would be the ground of a suit in equity is a sufficient consideration. But here this rule fails — for the equity of this case is with the defendant. If an infant trader contracts debts in the *Page 647 
way of his trade, he is not liable; because it is only a benefit to him, and not a matter of necessity. Nota. An infant took silks and velvets, and it appeared that they were above his rank, and he was adjudged not liable, because they were things of superfluity, and *not of necessity. Nota, also, that the defendant pleaded that his executor (testator, I suppose) was within age, whereupon the plaintiff demurred, quaere. and also an executor shall not pay costs for a rule of court. If goods be bailed to an infant to return, and he dies, and his executor promises to return them, it is a good consideration. Upon this Gawdy said that if the executor promises to satisfy a simple contract of his testator, he shall be liable — but this does not seem to be law. Postea, 731 and 780. 1 Cr., 126; Ow., 94; 1 Leo., 113; Poph., 112; 6 Rep., 13, 14; Dyer., 135.